IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SCRIPT SECURITY SOLUTIONS L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> DEI HOLDINGS, INC. (f/k/a DIRECTED ELECTRONICS, INC.) and DEI SALES, INC., <br><br> Defendants. | CIVIL ACTION NO. 2:15-cv-373 <br><br> FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT <br><br> **JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Script Security Solutions, L.L.C. ("Script") files this first amended complaint against DEI Holdings, Inc. (f/k/a/ Directed Electronics, Inc.) and DEI Sales, Inc. (collectively "Defendants"), alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

**PARTIES**

1. Script is a corporation formed under the laws of the State of Texas, with a principal place of business in Austin, Texas.

2. Defendant DEI Holdings, Inc. (f/k/a/ Directed Electronics, Inc.) is a corporation organized under the laws of the state of Florida, with a principal place of business at One Viper Way, Suite C, Vista, CA 2 92081. Defendant DEI Holdings, Inc. can be served with process by serving its registered agent: Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833.

3. Defendant DEI Sales, Inc. is a corporation organized under the laws of the state of Florida, with a principal place of business at One Viper Way, Suite C, Vista, CA 2 92081. Defendant DEI Holdings, Inc. can be served with process by serving its registered agent: Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833.

## JURISDICTION AND VENUE

4. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendants have transacted business in this district and has committed, by itself or in concert with others, acts of patent infringement in this district.

6. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendants' substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,542,078

7. On April 1, 2003, United States Patent No. 6,542,078 ("the 078 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Portable Motion Detector and Alarm System and Method."

8. Script is the owner of the 078 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 078 patent against infringers, and to collect damages for all relevant times.

9. Defendants made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems including its Viper home alarm (the "accused products"). By doing so, Defendants have directly infringed (literally and/or under the doctrine of equivalents) the 078 patent. Defendants' infringement in this regard is ongoing.

10. Script has been damaged as a result of the infringing conduct by defendants alleged above. Thus, Defendants are liable to Script in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

11. Script and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the 078 patent.

## COUNT II

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,828,909

12. On December 7, 2004, United States Patent No. 6,828,909 ("the 909 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Portable Motion Detector and Alarm System and Method."

13. Script is the owner of the 909 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 909 patent against infringers, and to collect damages for all relevant times.

14. Defendants made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems including its Viper home alarm (the "accused products"). By doing so, Defendants have directly infringed (literally and/or under the doctrine of equivalents) the 909 patent. Defendants' infringement in this regard is ongoing.

15. Script has been damaged as a result of the infringing conduct by defendants alleged above. Thus, Defendants are liable to Script in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16. Script and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the 909 patent.

## COUNT III

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,113,091

17. On September 26, 2006, United States Patent No. 7,113,091 ("the 091 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Portable Motion Detector and Alarm System and Method."

18. Script is the owner of the 091 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 091 patent against infringers, and to collect damages for all relevant times.

19. Defendants made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems including its Viper home alarm (the "accused products"). By doing so, Defendants have directly infringed (literally and/or under the doctrine of equivalents) the 091 patent. Defendants' infringement in this regard is ongoing.

20. Script has been damaged as a result of the infringing conduct by defendants alleged above. Thus, Defendants are liable to Script in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

21. Script and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the 091 patent.

**ADDITIONAL ALLEGATIONS REGARDING INDIRECT INFRINGEMENT**

22. Defendants have also indirectly infringed the 078, 909, and 091 patents by inducing others to directly infringe the 078, 909, and 091 patents. Defendants have induced the end-users to directly infringe (literally and/or under the doctrine of equivalents) the 078, 909, and 091 patents by using the accused products. Defendants took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes the 078, 909, and 091 patents. Such steps by Defendants included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner. Additionally, Defendants provides services that notify users remotely when an alarm that detects motion (including motion of a window or door) is triggered. This induces end-users to use the accused products in a manner that infringes the 078, 909, and 091 patents. Defendants' inducement is ongoing.

23. Defendants have also indirectly infringed by contributing to the infringement of the 078, 909, and 091 patents. Defendants have contributed to the direct infringement of the 078,

909, and 091 patents by the end-user of the accused products. The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the 078, 909, and 091 patents. The special features include the ability of users to remotely receive notifications when an alarm that detects motion (including motion of a window or door) is triggered in a manner that infringes the 078, 909, and 091 patents. The special features constitute a material part of the invention of one or more of the claims of the 078, 909, and 091 patents and are not staple articles of commerce suitable for substantial non-infringing use. Defendants' contributory infringement is ongoing.

24. Defendants knew of the 078, 909, and 091 patents before the filing of this action.

25. Defendants have had knowledge of the 078, 909, and 091 patents since at least 2009 because the 078, 909, and 091 patents were widely cited by Defendants' competitors and other industry leaders in their own patent applications from the issuance date on.

26. Defendants also have knowledge of the 078, 909, and 091 patents at least as of the date when it was notified of the filing of this action.

27. Furthermore, Defendants have a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Script's patent rights.

28. Defendants' actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendants.

29. Defendants' direct and indirect infringement of the 078, 909, and 091 patents is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of Script's rights under the patent.

30. Script has been damaged as a result of the infringing conduct by defendants alleged above. Thus, Defendants are liable to Script in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

31. Script and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## JURY DEMAND

Script hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Script requests that the Court find in its favor and against Defendants, and that the Court grant Script the following relief:

a. Judgment that one or more claims of the 078, 909, and 091 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or all others acting in concert therewith;

b. A permanent injunction enjoining Defendants and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the 078, 909, and 091 patents;

c. Judgment that Defendants account for and pay to Script all damages to and costs incurred by Script because of Defendants' infringing activities and other conduct complained of herein;

d. That Script be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award Script its reasonable

attorney's fees and costs in accordance with 35 U.S.C. § 285; and

  f. That Script be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: April 17, 2015      Respectfully submitted,

           /s/ Califf T. Cooper
           Matthew J. Antonelli
           Texas Bar No. 24068432
           matt@ahtlawfirm.com
           Zachariah S. Harrington
           Texas Bar No. 24057886
           zac@ahtlawfirm.com
           Larry D. Thompson, Jr.
           Texas Bar No. 24051428
           larry@ahtlawfirm.com
           Califf T. Cooper
           Texas Bar No. 24055345
           califf@ahtlawfirm.com
           ANTONELLI, HARRINGTON & THOMPSON LLP
           4306 Yoakum Blvd., Ste. 450
           Houston, TX 77006
           (713) 581-3000

           *Attorneys for Script Security Solutions L.L.C.*