**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

---

| | |
|---|---|
| SCRIPT SECURITY SOLUTIONS, L.L.C., | : |
| Plaintiff, | : |
| v. | : |
| DEI HOLDINGS, INC. (f/k/a DIRECTED ELECTRONICS, INC.) and DEI SALES, INC., | : |
| Defendants. | : |

Civil Action No. 2:15-cv-00373 (JRG)

**JURY TRIAL DEMANDED**

---

## DEFENDANTS DEI HOLDINGS, INC. AND DEI SALES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendants DEI Holdings, Inc. and DEI Sales, Inc. (collectively, "Defendants"), by and through their undersigned counsel, as and for their Answer to the First Amended Complaint for Patent Infringement ("Amended Complaint") of Plaintiff Script Security Solutions, L.L.C. ("Plaintiff") state as follows:

### PARTIES

1.    Defendants lack knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 1 of the Amended Complaint and therefore deny them.

2.    Admit.

3.    Admit.

### JURISDICTION AND VENUE

4.    Paragraph 4 of the Amended Complaint states a legal conclusion to which no response is required.

5.      Paragraph 5 of the Amended Complaint states a legal conclusion to which no response is required with respect to the allegations that venue is proper.  Defendants deny the remaining allegations of paragraph 5 except that DEI Sales Inc. admits that it has transacted business in this district.

6.      Paragraph 6 of the Amended Complaint states a legal conclusion to which no response is required with respect to the allegations of general and specific jurisdiction.  Defendants deny the remaining allegations of paragraph 6 except that DEI Sales Inc. admits that it conducts business in this forum.

## COUNT I – DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,542,078

Defendants repeat and reallege paragraphs 1-6 of the answer as if fully set forth herein.

7.      Defendants lack knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 7 of the Amended Complaint and therefore deny them.

8.      Defendants lack knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 8 of the Amended Complaint and therefore deny them.

9.      Defendants deny the allegations contained in paragraph 9 of the Amended Complaint, except that DEI Sales Inc. admits that it sold and/or offered for sale the Viper home alarm.

10.     Deny.

11.     Deny.

## COUNT II – DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,828,909

Defendants repeat and reallege paragraphs 1-11 of the answer as if fully set forth herein.

12.     Defendants lack knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 12 of the Amended Complaint and therefore deny them.

13.     Defendants lack knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 13 of the Amended Complaint and therefore deny them.

14.     Defendants deny the allegations contained in paragraph 14 of the Amended Complaint, except that DEI Sales Inc. admits that it sold and/or offered for sale the Viper home alarm.

15.     Deny.

16.     Deny.

## COUNT III – DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,113,091

Defendants repeat and reallege paragraphs 1-16 of the answer as if fully set forth herein.

17.     Defendants lack knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 17 of the Amended Complaint and therefore deny them.

18.     Defendants lack knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 18 of the Amended Complaint and therefore deny them.

19.     Defendants deny the allegations contained in paragraph 19 of the Amended Complaint, except that DEI Sales Inc. admits that it sold and/or offered for sale the Viper home alarm.

20.     Deny.

21.     Deny.

## ADDITIONAL ALLEGATIONS REGARDING INDIRECT INFRINGEMENT

Defendants repeat and reallege paragraphs 1-21 of the answer as if fully set forth herein.

22.     Defendants deny the allegations contained in paragraph 22 of the Amended Complaint, except that DEI Sales Inc. admits that Viper Home alarm systems can notify users

remotely when an alarm that detects motion (including motion of a window or door) is triggered.

23.    Deny.

24.    Deny.

25.    Defendants deny that they had knowledge of  U.S. Patent Nos. 6,542,078, 6,828,909 and 7,113,091 patents (collectively, the "Patents-in-Suit"), and further allege that Defendants lack knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 25 of the Amended  Complaint, and therefore deny them.

26.    Defendants deny the allegations contained in paragraph 26 of the Amended Complaint, except admit that the original Complaint identified U.S. Patent No. 6,542,078 and U.S. Patent No. 6,828,909, and that the Amended Complaint further identified U.S. Patent No. 7,113,091.

27.    Deny.

28.    Deny.

29.    Deny.

30.    Deny.

31.    Deny.

## PLAINTIFF'S PRAYER FOR RELIEF

32.    Defendants deny that Plaintiff is entitled to any relief from the Court, either as prayed for in the Amended Complaint or otherwise.

## AFFIRMATIVE DEFENSES

33.    Subject to the responses above, Defendants assert the following affirmative defenses to the Amended Complaint.  Assertion of these defenses is not a concession that Defendants

4

have the burden of proving the matter asserted.  Defendants reserve the right to assert additional affirmative defenses as they become known through the course of discovery.

### First Affirmative Defense

34.     Defendants are not liable for patent infringement because they do not, and have not, directly or indirectly, infringed any valid and enforceable claim of the Patents-in-Suit.

### Second Affirmative Defense

35.     The claims of the Patents-in-Suit are invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

36.     Plaintiff's claim for damages, if any, against Defendants for alleged infringement of the Patents-in-Suit are limited by 35 U.S.C. §§ 286, 287, and/or 288.

### Fourth Affirmative Defense

37.     Plaintiff is estopped from construing the claims of the Patents-in-Suit in such a way as to encompass subject matter disclaimed by arguments that it made in order to obtain allowance of the Patents-in-Suit.

### Fifth Affirmative Defense

38.     Plaintiff has failed to plead a valid basis for an exceptional case.

### Sixth Affirmative Defense

39.     Plaintiff's claims are barred in whole or in part by the doctrine of prosecution history estoppel.

**Seventh Affirmative Defense**

40.     Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants request the following relief:

1.      A judgment dismissing Plaintiff's Amended Complaint against Defendants with

prejudice;

2.      An order that this is an exceptional case and awarding Defendants its costs,

expenses and reasonable attorneys' fees under 35 U.S.C. §285, and all other

applicable statutes, rules, and common law;

3.      A declaration that Defendants do not infringe, induce infringement, or contribute

to any infringement of any valid and enforceable claims of the Patents-in-Suit;

4.      A declaration that the Patents-in-Suit are invalid; and

5.      Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

**COHEN & GRESSER LLP**

Dated:  June 2, 2015

Of Counsel:

John M. Jackson
Texas State Bar No. 24002340
jjackson@jw.com
**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

/s/ Damir Cefo
Karen H. Bromberg
Francisco A. Villegas
Damir Cefo (NY Bar No. 3997566)
**COHEN & GRESSER LLP**
800 Third Avenue
New York, New York 10022
(212) 957-7600
dcefo@cohengresser.com
*Attorneys for Defendants DEI Holdings Inc. (f/k/a
Directed Electronics Inc.) and DEI Sales, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing is being served via the Court's CM/ECF system on June 2, 2015 on all counsel of record who consent to electronic service per Local Rule CV-5(a)(3).

<u>/s/ Damir Cefo</u>
Damir Cefo